UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAILAH ABDULLAH,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK; DETECTIVE
DANIEL ROMAN,

                                    Defendants.

1:21-CV-0985 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently held in the George R. Vierno Center on Rikers Island, brings this *pro se* action alleging that the defendants violated his federal constitutional rights. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued" resides, if a defendant, in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff's claims arise from his arrest in Brooklyn, Kings County, New York, and his subsequent prosecution in the New York Supreme Court, Kings County. He sues the City of New York as well as Detective Daniel Roman, who is assigned to the New York City Police

Department's 81st Precinct, which is located in Brooklyn. Kings County is located within the Eastern District of New York. 28 U.S.C. § 112(c). And the City of New York is located in both this judicial district and in the Eastern District of New York. *See* § 112(b), (c). Thus, this court and the Eastern District of New York are both proper venues for this action under § 1391(b).

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate for this action. The alleged underlying events occurred in the Eastern District of New York. In addition, it is likely that relevant documents and witnesses are located in that judicial district. Thus, the Court concludes, based on a totality of the circumstances, that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court further directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 5, 2021
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge