UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

BAILAH ABDULLAH,

                   Plaintiff,                         **MEMORANDUM AND ORDER**

     -against-

                                             21-CV-823 (RPK) (LB)

CITY OF NEW YORK; DANIEL ROMAN,
Shield No. 1267,

                   Defendants.
--------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Bailah Abdullah, who is detained at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983. He alleges that he was falsely arrested and maliciously prosecuted in connection with a shooting. Plaintiff names as defendants the City of New York as well as Detective Daniel Roman. Plaintiff indicates that he also seeks to sue an unnamed assistant district attorney (ADA) for malicious prosecution if doing so is proper. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set out below, plaintiff's claims against the City of New York are dismissed, as is any malicious prosecution claim contained in the complaint against the unnamed ADA. Plaintiff may amend the complaint within 30 days of this order.

## BACKGROUND

      This lawsuit arises out of plaintiff's arrest and arraignment on September 10, 2020 on two counts of assault and five counts of criminal possession of a weapon. While the complaint does not describe the events that gave rise to the charges, documents appended to the complaint indicate that the charges arose out of a July 16, 2020 shooting. *See* Compl. at 13-19 (Dkt. #2). At some point after plaintiff's arrest, a state grand jury indicted plaintiff for one count of possession of a

1

firearm and two counts of criminal possession of a weapon. *Id.* at 18. Plaintiff states that he was not indicted on the assault charges, and that those counts were dismissed. *Id.* at 6, 7.

Plaintiff later filed this action under 42 U.S.C. § 1983. The complaint includes a false arrest count against the City of New York and New York City Police Department Detective Daniel Roman, whom plaintiff indicates was the arresting officer. Compl. at 6. Plaintiff alleges that the City of New York and Detective Roman are liable for false arrest because Detective Roman did not have probable cause to arrest him on assault charges. *Ibid.* Plaintiff also brings claims of malicious prosecution against the City of New York and Detective Roman on the ground that "instead of declining to prosecute because there was no evidence in their possession to connect the plaintiff with the crime of assault," the prosecution "chose to arraign plaintiff on these charges in hopes of manipulating (or altering) the plaintiff['s] statements made on the day of arrest to use as an admission of guilt." *Id.* at 7. The complaint states that plaintiff is also naming the "prosecuting ADA" as one of the "parties liable," "[i]f they can be sued in connection with this claim." *Ibid.*

## DISCUSSION

As explained below, plaintiff's claims against the City of New York are dismissed, because plaintiff has not set out a basis for municipal liability. Insofar as the complaint includes a malicious prosecution claim against the unnamed ADA who "chose to arraign the plaintiff" on the assault charges, that claim is dismissed because it is barred by prosecutorial immunity. Plaintiff's claims against Detective Roman may proceed.

### I.     Standard of Review

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B).  The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).  Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## II.    Plaintiff's Claim Against the City of New York

Plaintiff fails to state a Section 1983 claim against the City of New York.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed

rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). To state a claim under Section 1983, "a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

A municipality such as the City of New York can be liable under Section 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of plaintiff's rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60 (citations omitted). A plaintiff who seeks to hold a municipality liable under Section 1983 must "plead and prove three elements": (i) the existence of "an official policy or custom" (ii) that "causes the plaintiff to be subjected to" (iii) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). A plaintiff can establish a municipal policy by pointing to "decisions of a government's lawmakers, the acts of its policymaking officials, . . . practices so persistent and widespread as to practically have the force of law . . . [or,] [i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights." *Connick*, 563 U.S. at 61.

Applying these principles, plaintiff's claims against the City of New York must be dismissed because plaintiff does not allege any facts that would support municipal liability.

4

Plaintiff simply alleges that the officer who arrested him "did not have probable cause" to bring the assault charges and that "[t]he prosecution in the case" unlawfully "chose to arraign the plaintiff on these charges." Compl. at 6-7. But plaintiff does not connect these allegations to any municipal policy or custom of the City of New York, nor does he allege that his injuries were caused by a municipal official with policymaking authority. Plaintiff has therefore failed to state a Section 1983 claim against the City of New York.

### III. Plaintiff's Claim Regarding an Assistant District Attorney

Plaintiff states that he wishes to name the "prosecuting ADA" as one of the "parties liable" for malicious prosecution "if they can be sued in connection with this claim." Compl. at 7. Insofar as the complaint is read to identify the unnamed prosecuting ADA as a defendant, that claim is dismissed, because such a claim is barred by absolute immunity. Prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). The actions for which a prosecutor is entitled to absolute immunity "include deciding whether to bring charges and presenting a case to a grand jury or a court." *Simon*, 727 F.3d at 171; *see Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005); *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993). Here, plaintiff's allegation is that the ADA violated his constitutional rights by "cho[osing] to arraign the plaintiff" on the assault counts, "instead of declining to prosecute" him. Compl. at 7. Because the prosecutor's conduct in arraigning plaintiff is "intimately associated with the judicial phase of the criminal process," *Pachtman*, 424 U.S. at 430, it is protected by absolute immunity. Any claims against the ADA in the complaint are therefore dismissed.

5

## CONCLUSION

Plaintiff's Section 1983 claims against the City of New York and any Section 1983 claims in the complaint against an unnamed ADA are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  No summons shall issue as to the City of New York, and the Clerk of Court is respectfully directed to correct the caption to reflect its dismissal.

Plaintiff may file an amended complaint within 30 days of this order. The new complaint must be captioned "First Amended Complaint" and bear the same docket number as this order: 21-CV-823.  If plaintiff files such a complaint, he must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is advised that the amended complaint will completely replace his original complaint, so any facts or claims that the plaintiff wishes to keep from his original complaint must be included in the amended complaint.  Further proceedings in this case are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, the Clerk of Court shall issue a summons to the remaining defendant, Detective Daniel Roman.

The case is referred to Magistrate Judge Lois Bloom for pretrial supervision.  The Clerk of Court is further directed to mail a copy of this order to plaintiff and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
Rachel P. Kovner
United States District Judge

Dated: March 3, 2021
        Brooklyn, New York